UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOHN T. JENKINS,                                )
                                                )
       Plaintiff,                               )
                                                )
                                                )         CIVIL ACTION NO.
VS.                                             )
                                                )         3:05-CV-2124-G
WM SPECIALTY MORTGAGE, L.L.C.                   )
WITHOUT RECOURSE, ET AL.,                       )         **ECF**
                                                )
       Defendants.                             )


**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of the plaintiff John T. Jenkins ("Jenkins") to remand this case to the state court from which it was previously removed. For the reasons stated below, the motion is granted.

I. BACKGROUND

Jenkins commenced this action in a state district court on August 17, 2005. *See* Notice of Removal ("Notice") at 1. In his original petition, Jenkins alleged that three of the four defendants are foreign corporations which either do business, or are registered to do business, in Texas. Plaintiff's Original Petition ¶¶ 3-6. Jenkins alleged that the fourth defendant, Dianna Knotts ("Knotts"), is an individual

residing, and domiciled, in Texas. Plaintiff's Original Petition ¶ 6. The plaintiff also alleged that he is a resident of Texas. Plaintiff's Original Petition ¶ 2.

The defendants filed their notice of removal on October 28, 2005, alleging that this court has diversity jurisdiction over this case. Notice ¶¶ 3-14. Specifically, the defendants contend that Knotts was fraudulently joined to prevent removal. Notice ¶¶ 10-11. The defendants contend that Jenkins' joinder of Knotts is fraudulent because Jenkins cannot establish a cause of action against her. *Id.* Jenkins now moves to remand this case to the state court, maintaining that this court lacks subject matter jurisdiction over the case because complete diversity of citizenship between the parties does not exist. Motion ¶¶ 11-26. Jenkins also seeks an award for attorney's fees pursuant to 28 U.S.C. § 1447(c). *Id.* ¶¶ 27-29.

## II. ANALYSIS

Title 28 U.S.C. § 1441(a) permits removal of "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction." Under this statute, "[a] defendant may remove a state court action to federal court only if the action could have originally been filed in the federal court." *Aaron v. National Union Fire Insurance Company of Pittsburg, Pennsylvania*, 876 F.2d 1157, 1160 (5th Cir. 1989), *cert. denied*, 493 U.S. 1074 (1990) (citations omitted). Removal jurisdiction must be strictly construed, however, because it "implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th

Cir. 1997); see also *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988).  Furthermore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Insurance Company*, 810 F. Supp. 748, 750 (N.D. Tex. 1992); see also *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941); *Healy v. Ratta*, 292 U.S. 263, 270 (1934).  The burden of establishing federal jurisdiction is on the party seeking removal.  *Frank*, 128 F. 3d at 921-22; *Willy*, 855 F.2d at 1164.

There are two principal bases upon which a district court may exercise removal jurisdiction:  (1) the existence of a federal question and (2) complete diversity of citizenship among the parties.  *See* 28 U.S.C. §§ 1331, 1332.  Here, the court cannot exercise jurisdiction over this case on the basis of a federal question because the case does not present any issues "arising under the Constitution, laws, or treaties of the United States."  *See* 28 U.S.C. §1331.  However, the court can properly exercise jurisdiction on the basis of diversity of citizenship if the parties are of completely diverse citizenship and the case involves an amount in controversy of at least $75,000.  *See* 28 U.S.C. §1332(a).[1]  It was on that basis that the defendants removed this action to the United States District Court for the Northern District of Texas.  Notice ¶¶ 3-14.

---

[1] Section 1332 states, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different States . . . ."  28 U.S.C. § 1332(a)(1).

The movant, Jenkins, contends that complete diversity of citizenship does not exist because Knotts shares Texas citizenship with the plaintiff, thus destroying diversity. Motion ¶ 11. The defendants assert that Knotts was fraudulently joined. Notice ¶¶ 10-11. Therefore, the issue before the court is whether Knotts was fraudulently joined to defeat diversity jurisdiction in this case.

### A.  Fraudulent Joinder

For this court to have diversity jurisdiction over a case, there must be complete diversity of citizenship between the plaintiff and all defendants. *Owen Equipment & Erection Company v. Kroger*, 437 U.S. 365, 373-74 (1978). This means that the plaintiff cannot be a citizen of the same state as even one defendant. If a defendant has been fraudulently joined, however, the citizenship of that defendant is disregarded for purposes of determining diversity. See *Burden v. General Dynamics Corporation*, 60 F.3d 213, 217-18 (5th Cir. 1995); *Tedder v. F.M.C. Corporation*, 590 F.2d 115, 117 (5th Cir. 1979). Fraudulent joinder is established by showing that (1) there was actual fraud in the pleading of jurisdictional facts or that (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). The defendants argue that Knotts was fraudulently joined under the second ground. Notice of Removal ¶¶ 10-11. To establish fraudulent joinder under the second ground, a defendant must show that there is no reasonable basis for predicting that state law might impose liability against

the non-diverse defendant.  *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000) ("[T]here must at least be arguably a *reasonable* basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder.") (emphasis in original); *Great Plains Trust Company v. Morgan Stanley Dean Witter & Company*, 313 F.3d 305, 312 (5th Cir. 2002) ("If there is 'arguably a *reasonable basis* for predicting that the state law might impose liability on the facts involved,' then there is no fraudulent joinder.") (emphasis added) (quoting *Badon*, 236 F.3d at 286). A *"mere theoretical possibility* of recovery under local law" does not "suffice[ ] to preclude removal."  *Badon*, 236 F.3d at 286 n.4 (emphasis in original); see also *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999) ("[W]e have never held that a particular plaintiff might possibly establish liability by the mere hypothetical possibility that such an action [against the non-diverse defendant] could exist.").

The court uses standards similar to those used for motions under Federal Rule of Civil Procedure 12(b)(6)[2] to determine whether a "reasonable basis" exists.  *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003); see also *Travis*, 326 F.3d at 648. The court must take the plaintiff's "well pleaded allegations of fact" as true.  *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974); see also *Travis*, 326 F.3d at 648-49 ("[T]he district court . . . must . . . take into account all

---

[2]  It is well settled that in a fraudulent joinder analysis the district court may "pierce the pleadings" and consider summary judgment-type evidence.  *Travis*, 326 F.3d at 648-49.

unchallenged factual allegations . . . in the light most favorable to the plaintiff."). "Any contested issues of fact and any ambiguities of state law must" also be resolved in favor of the plaintiff. *Travis*, 326 F.3d at 649. As a result, "[t]he burden of persuasion on those who claim fraudulent joinder is a heavy one." *Id.*

### B.  Common Law Fraud

To determine whether Knotts was fraudulently joined, the court must decide whether a cause of action is colorably asserted against Knotts under Texas law. In other words, the court must decide whether the plaintiff's claim against Knotts for common law fraud is arguably supported by the plaintiff's allegations and by the law of the state of Texas.

#### 1. *The Plaintiff's Allegations*

The plaintiff argues that he has alleged a cause of action against Knotts for common law fraud. Specifically, the plaintiff alleged in his original petition that:

> 10.   On October 27, 2004, Plaintiff took out a Home Equity Loan on Property located in Dallas County, Texas. . . .
>
> * * *
>
> 12.   At the closing of the loan, Plaintiff was provided with a settlement statement (also known as HUD-1 statement) disclosing the loan terms, disbursements, and fees associated with the loan. According to the settlement statement, Plaintiff was charged fees, which were necessary to originate, evaluate,

- 6 -

       maintain, record, insure, or service the loan, in violation of the Texas Constitution.

13. An appraisal was prepared on Plaintiff's property for purposes of the Home Equity Loan. The appraised amount of the Property was inaccurate and used in violation of the Texas Constitution.

14. The terms of the Home Equity Loan specified a variable interest rate which allowed for substantially different payments over the life of the loan, in violation of the Texas Constitution.

15. . . . Knotts made numerous misrepresentations about the Home Equity Loan and the Home Equity Lending Process, which induced Plaintiff into entering into the Home Equity Loan.

\* \* \*

18. Plaintiff would show that the acts and omissions of . . . Knotts, as set forth herein, constitute negligent, improper, wrongful and inequitable conduct resulting in the overcharging of amounts and fees in violation of the Texas Constitution. Such conduct has lead to the improper and wrongful acceleration of the indebtedness and posting of Plaintiff's real property securing the indebtedness for foreclosure.

\* \* \*

41. . . . Knotts' conduct constitutes common law fraud in the State of Texas.

> 42. . . . Knotts made representations to Plaintiff, as described above, which were false statements of fact and were material to the Home Equity Loan entered into by Plaintiff.
>
> 43. In making these representations, . . . Knotts knew the representations were false or acted with reckless disregard of the truth or falsity of the representations. . . [and] Knotts intended Plaintiff to act on the representations and Plaintiff relied on the false representations in obtaining the Home Equity Loan.

Plaintiffs Original Petition ¶¶ 10, 12-15, 18, 41-43 (attached as part of Exhibit B to Notice of Removal).[3] The court must take these "well pleaded allegations of fact" as true. To prevail on his common law fraud claim, Jenkins must prove that: (1) Knotts made a material representation that was false; (2) Knotts knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) Knotts intended to induce Jenkins to act upon the representation; and (4) Jenkins actually and justifiably relied upon the representation and thereby suffered injury. See *Ernst & Young, L.L.P. v. Pacific Mutual Life Insurance Co.*, 51 S.W.3d 573, 577 (Tex. 2001). Accordingly, the plaintiff's petition adequately alleges a claim of common law fraud against Knotts under Texas law.

---

[3] Paragraphs 15, 18, 41, 42, and 43 allege that "Defendants WM Specialty Mortgage and/or AMC Mortgage and/or Ameriquest and/or Knotts" engaged in certain conduct. Because any contested issues of fact must, on this motion to remand, be resolved in favor of the plaintiff, the court construes the plaintiff's petition to allege that Knotts personally engaged in this conduct.

2.  *State Law Supports Jenkins' Common Law Fraud Claim Against Knotts*

The defendants assert that the plaintiff is simply suing Knotts as an agent of Ameriquest Mortgage Company, another defendant in this case.  Brief Supporting Defendants' Response to Plaintiff's Opposed Motion to Remand at 7.  The defendants argue, citing *Resolution Trust Corporation v. Park Leasing Co.*, that an agent for a fully disclosed principal is not liable for acts committed within the course and scope of the agency.  *Id*.  See *Resolution Trust Corporation v. Park Leasing Co.*, 855 S.W.2d 220, 225 (Tex. App.--Waco 1993, writ denied).  A closer look at *Resolution Trust* shows, however, that "[u]nder the law of agency, an agent acting within the scope of authority on behalf of a disclosed principal is not personally liable *on a contract* executed on the principal's behalf." *Resolution Trust*, 855 S.W.2d at 225 (emphasis added).  In this case, the plaintiff's claim against Knotts is for common law fraud, not for breach of a contract entered into on behalf of a disclosed principal.  In Texas, "a corporation's employee is personally liable for tortious acts which he directs or participates in during his employment." *Leyndecker v. Associates, Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984).  Common law fraud is a tort, so there is a reasonable basis for predicting that if the plaintiff proves his allegations against Knotts, Texas law would hold Knotts liable for common law fraud in this case.  As a result, this court cannot say that Knotts was fraudulently joined to defeat diversity jurisdiction.  See *Badon*, 236 F.3d at 286 n.4.

C.  Attorney's Fees

Jenkins seeks attorney's fees pursuant to 28 U.S.C. §1447(c).  Motion ¶¶ 27-29.  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corporation*, __ U.S. __, 126 S.Ct. 704, 711 (2005).  The defendants' reason for removal in this case was objectively reasonable.  Therefore, Jenkins' claim for attorney's is denied.

III.  CONCLUSION

For the reasons discussed above, the plaintiff's motion for remand is **GRANTED** and this case is **REMANDED** to the **191st Judicial District Court of Dallas County, Texas**.  The clerk shall mail a certified copy of this memorandum opinion and order to the district clerk of Dallas County, Texas.  28 U.S.C. § 1447(c).

The plaintiff's request for attorney's fees, however, is **DENIED**.

**SO ORDERED**.

February 17, 2006.

_____
A. JOE FISH
CHIEF JUDGE